**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BILAL JUSTICE,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:23-2135** |
| **v.** | : | **(JUDGE MANNION)** |
| **BOBBI JO SOLOMON,** | : | |
| **Respondent** | : | |

## <u>MEMORANDUM</u>

Petitioner, Bilal Justice, an inmate confined in the Rockview State Correctional Institution, Bellefonte, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). He challenges a June 26, 2020 conviction and sentence imposed in the York County Court of Common Pleas. Id. The filing fee has been paid. (Doc. 4). Presently before the Court is Petitioner's motion to stay the above captioned action pending Petitioner's exhaustion of state court remedies. (Doc. 6).

For the reasons set forth below, the Court will deny the motion and dismiss the petition without prejudice as a result of Petitioner's failure to exhaust state court remedies.

I.    **Background**

On June 26, 2020, Petitioner was sentenced to an aggregate sentence of twenty-one to forty-two years' incarceration after a jury convicted him on consolidated cases of trafficking heroin/fentanyl and related offenses, including conspiracy to deliver the drugs that killed Carmen Vega. Commonwealth v. Justice, 2021 WL 3878653 at *1 (Pa. Super 2021).

Petitioner filed a direct appeal to the Pennsylvania Superior Court, which affirmed his conviction and sentence on August 31, 2021. Id. No further appeal was filed.

On September 19, 2022, Petitioner filed a petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons.Stat. Ann. §§9541–9546. Commonwealth v. Justice, Docket Number CP-67-CR-0001651-2019, available at http://ujsportal.pacourts.us. By Order dated November 21, 2023, the PCRA court denied Petitioner's motion for PCRA relief. Id.

On December 19, 2023, Petitioner filed an appeal of the denial of his PCRA petition to the Pennsylvania Superior Court. Id. Petitioner's appeal currently remains pending before the Superior Court. Id.

- 2 -

II.    **Discussion**

As a general rule, a state prisoner must exhaust available state court remedies before seeking habeas relief in federal court. 28 U.S.C. §§2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515–20 (1982); Toulson v. Beyer, 987 F.2d 984, 986 (3d Cir. 1993); Gibson v. Scheidemantel, 805 F.2d 135, 138 (3d Cir. 1986). "Unless it would be patently futile to do so [state prisoners] must seek relief in state court before filing a federal habeas petition ...." Santana v. Fenton, 685 F.2d 71, 77 (3d Cir. 1982).[1] The exhaustion requirement "is not a mere formality. It serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights." Gibson, 805 F.2d at 138.

A habeas corpus petitioner bears the burden of demonstrating that she has satisfied the exhaustion requirement. Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000) (citing Lambert v. Blackwell, 134 F.3d 506, 513 (3d. Cir. 1997)).

---

[1] Exceptions to the exhaustion requirement are made when: (1) the state corrective process is so deficient as to render any effort to obtain relief futile, 28 U.S.C. §2254(b); (2) acts of state officials have, in effect, made state remedies unavailable to the petitioner, Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir. 1987); or (3) "inordinate delay" in state proceedings has rendered state remedies ineffective. Story v. Kindt, 26 F.3d 402, 405 (3d Cir. 1994); Schandelmeier v. Cunningham, 819 F.2d 52, 55 (3d Cir. 1986).

It is evident from the state court docket sheet that Petitioner's appeal of the denial of his PCRA petition is still pending before the Superior Court. Accordingly, this Court must allow the state proceedings to conclude before entertaining Petitioner's request for federal habeas corpus relief.

While federal courts may deviate from the exhaustion requirement and intervene in highly exceptional circumstances, such an exception would be justified only if Petitioner lacked any real opportunity to obtain redress in the state court, or if the corrective process was so clearly deficient as to render futile any effort to obtain relief. See Duckworth v. Serrano, 454 U.S. 1 (1981). Petitioner cannot meet these stringent requirements to obtain premature federal review of his conviction. First, he clearly has other avenues of redress in that he has filed an appeal of the denial of his PCRA petition that is pending before the Superior court, and which ultimately may provide the relief sought in the instant petition. Second, nothing contained in the petition indicates that an inordinate delay in the adjudication of Petitioner's claims has occurred in the past or will occur. Finally, Petitioner neither has alleged nor shown any deficiency or irregularity in the state corrective process or other justification sufficient to warrant exemption from the exhaustion rule. Accordingly, the policy behind exhaustion would be best served by dismissing the petition,

without prejudice to Petitioner's right to re-file promptly at the conclusion of state court proceedings.

However, to avoid the risk that a second section 2254 petition will be barred by the expiration of the one-year statute of limitations while Petitioner is exhausting state court remedies, we must decide whether to stay the petition rather than dismiss it. See Crews v. Horn, 360 F.3d 146 (3d Cir. 2004).

Under 28 U.S.C. §2244(d)(1), a state defendant has one year to file a section 2254 petition. For our purposes, that period starts to run from the date the conviction becomes final, defined in section 2244(d)(1)(A) as "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," The limitations period also is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. §2244(d)(2).

Given the procedural history of Petitioner's state court proceedings, we can dismiss the instant petition rather than stay it because, even on the strictest calculation of the limitations period, Petitioner still has time to return to federal court after exhausting state court remedies, as the federal

limitations period is tolled while his PCRA petition is pending, see 28 U.S.C. §2244(d)(2).

### III.   Certificate of Appealability

Pursuant to 28 U.S.C. §2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. §2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find

the procedural disposition of this case debatable. Accordingly, no COA will issue.

## IV.    **Conclusion**

For the reasons set forth above, Petitioner's motion to stay will be denied and the petition will be dismissed without prejudice to Petitioner's right to re-file at the conclusion of state court proceedings.

An appropriate order will issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: May 15, 2024**
23-2135-01